# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1827 | **DATE** | 11/22/2004 |
| **CASE TITLE** | Bradley Wallace vs. Timothy Masterson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Cook County and the Cook County Sheriff's Motoin to Dismiss Amended Complaint at Law [12-1] is granted in part and denied in part. The Court grants Defendants' motion to dismiss Count II and Count IV without prejudice. Defendants' motion to dismiss the Sheriff from Counts IV and V is denied, but the motion to dismiss the County from Count V is granted. To the extent that Cook County remains in the lawsuit only for the purpose of paying any judgment that may be entered against the Sheriff in his official capacity, the Court grants the County's request that it not be subject to discovery. STATUS HEARING SET FOR 12/1/04 at 9:30a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 11-23-04 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 2004 NOV 22 PM 3:12 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 1827 |
| v. ) | |
| ) | |
| TIMOTHY MASTERSON, COOK COUNTY, ) | Hon. Mark Filip |
| and COOK COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bradley Wallace filed an amended complaint (D.E. 11) on July 6, 2004, against Defendants Timothy Masterson, Cook County (also, "the County"), and the Cook County Sheriff (also, "the Sheriff"). The complaint alleges: a § 1983 claim against Masterson for violation of Plaintiff's Fourth Amendment rights in causing Plaintiff's arrest without probable cause (Count I); a state law malicious prosecution claim against Masterson (Count II); a state law false arrest claim against Masterson (Count III); a demand under 745 ILCS 10/9-102 for Cook County and the Sheriff to pay any judgment entered against Masterson (Count IV); a *respondeat superior* claim against Cook County and the Sheriff for Masterson's actions (Count V); and a § 1983 claim against Cook County alleging that its customs, practices and/or policies related to the conduct of off-duty officers injured Plaintiff (Count VI). Defendants Cook County and the Cook County Sheriff filed this Motion to Dismiss the Amended Complaint at Law ("Motion"). (D.E. 12.) For the reasons stated below, the Court grants the Motion in part and denies it in part.

## FACTS[1]

On November 16, 2003, Defendant Timothy Masterson, who appears to be a Cook County Sheriff's Deputy Officer (D.E. 13 at 13), "struck the Plaintiff and used an unreasonable amount of force onto the body of the Plaintiff." (Compl. ¶ 4.) Plaintiff alleges at one point that Masterson was on duty and engaged in this conduct in the course and scope of his employment. (*Id.* ¶ 12.) (He later alleges that Masterson was off duty (*id.* ¶ 29), in what he explains is alternative pleading. (D.E. 13 at 13).) Plaintiff did not resist arrest, batter or assault Masterson, obstruct justice, or commit any act contrary to the laws of the state of Illinois on that day. (Compl. ¶¶ 5-8.) Masterson did not witness any illegal act by Plaintiff. (*Id.* ¶ 8.)

Masterson made false representations in the police report indicating that Plaintiff had battered him. (*Id.* ¶ 9.) The charges in the report "were designed to cause criminal litigation to be lodged against the Plaintiff without probable cause and/or any legal cause." (*Id.* ¶ 10.) Plaintiff was arrested as a result of the representations made by Masterson. (*Id.* ¶ 8.) Masterson also withheld true facts as to what happened on that date from the Cook County State's Attorney. (*Id.* ¶ 10.)

As a result, Plaintiff suffered injuries and brought a suit against Defendant Masterson for § 1983 false arrest (Count I), which also included state law claims for malicious prosecution (Count II), and false arrest (Count III). Plaintiff also brought a 745 ILCS 10/9-102 claim (Count

---

[1] The facts are taken from the amended complaint (D.E. 11). The Court accepts the allegations as true, as precedent instructs, for present purposes. The Court takes no position on whether any of the allegations are, in fact, factually correct.

2

IV), a state law claim for *respondeat superior* (Count V) against Cook County and the Sheriff, and a *Monell* Claim against the County of Cook (Count VI). Defendants Cook County and the Sheriff move to dismiss Counts II, IV, V, and VI.

## LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). When considering the motion, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from the facts in the light most favorable to the plaintiff. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). However, the court should not strain to find inferences not plainly apparent from the face of the Complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal for failure to state a claim is not appropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

I.  State Law Claim for Malicious Prosecution (Count II)

In Count II, Plaintiff attempts to allege a claim for malicious prosecution against Masterson. Plaintiff alleges that Masterson "alleged that Plaintiff had violated the laws of the State of Illinois" (Compl. ¶ 18), and that "the aforementioned actions [alleged in the complaint]

were the direct and proximate cause of the violations of Illinois state law" (*id.* ¶ 19). Reading these allegations with the Complaint as a whole, Plaintiff has failed to state a claim for malicious prosecution and the claim is dismissed without prejudice to Plaintiff actually pleading the elements of the cause of action under Illinois law.

The elements of malicious prosecution in Illinois law are well established. The plaintiff must show that (1) the defendant brought the underlying suit maliciously and without probable cause; (2) the suit terminated in plaintiff's favor; and (3) the plaintiff was injured beyond the usual expense, time, or annoyance in defending a lawsuit. *Penn v. Harris*, 296 F.3d 573, 577 (7th Cir. 2002) (citing *Miller v. Rosenberg*, 749 N.E.2d 946, 951-52 (Ill. 2001)); *accord Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1350 (Ill. 1997). Plaintiff alleges in his amended complaint that Masterson struck him and made representations that caused him to be arrested. (Compl. ¶ 8.) Plaintiff alleges that Officer Masterson failed to witness him committing any illegal act. (*Id.*) Plaintiff also alleges that as a result of such conduct by Officer Masterson, he suffered injuries. (*Id.* ¶ 13.) Nowhere in the amended complaint, however, does Plaintiff allege that there was a *bona fide* termination of legal proceedings in his favor.

Plaintiff argues that because this complaint was filed in federal District Court, he only needs to satisfy the requirements of notice pleading, not fact pleading as required in Illinois state courts. Plaintiff cites *Woodward v. American Family Mutual Insurance Co.*, 950 F. Supp. 1382, 1386 (N.D. Ill. 1997), to excuse him from adequately pleading a state law cause of action for malicious prosecution. While this Court agrees with Plaintiff that notice pleading is all that is

required in federal court, *Woodward* is distinguishable from the case at bar. In *Woodward*, the court denied the defendant's motion to dismiss the plaintiff's state claim of malicious prosecution. *Id.* The court reasoned that because the plaintiff alleged all of the elements of malicious prosecution, he was not required to plead specific facts to support the allegations. *Id.* at 1386-1387. In the current case, Plaintiff fails to allege, even as a mere conclusion and without detailed factual averments, an indispensable element of malicious prosecution. As such, Plaintiff fails to state a valid claim of malicious prosecution, and Defendant's Motion to dismiss Count II is granted. Count II is dismissed without prejudice.

II. The Doctrine of *Respondeat Superior* (Count V)

In Count V, Plaintiff seeks to hold Cook County and the Sheriff liable for the actions of Masterson under the doctrine of *respondeat superior*. "Under the doctrine of *respondeat superior*, a principal may be held liable for the tortious actions of an agent which cause a plaintiff's injury, even if the principal does not himself engage in any conduct in relation to the plaintiff." *Woods v. Cole*, 693 N.E.2d 333, 336 (Ill. 1998). Municipalities may not be liable for § 1983 claims under the doctrine of *respondeat superior*. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Thus, Count V relates to Masterson's state law claims only.

Defendants raise two issues regarding these counts. First, the County argues that it is not vicariously liable for the actions of a sheriff's deputy. In responding to this argument, Plaintiff concedes that "the case law cited by Defendants is facially very compelling" but attempts to nonetheless advance the claim. (D.E. 13 at 3.) This Court follows established precedent and rejects Plaintiff's *respondeat superior* claim against Cook County. Second, Defendants argue

5

that the Sheriff is not liable for the intentional torts of a deputy sheriff. The Court need not reach this issue because, as Plaintiff contends, the Complaint can be read to allege negligent conduct, which is sufficient at this stage of the proceedings.

    A.    Cook County Is Not Liable Under *Respondeat Superior* for the Actions of a Cook County Sheriff's Officer.

A deputy sheriff is an employee of the sheriff, who is authorized to appoint and hire deputies. *See* 55 ILCS 5/3-6008. Cook County seeks dismissal from Count V on the theory that the County is not vicariously liable for the acts of the Sheriff or his deputies. In *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994), the Illinois Supreme Court held that a county is not liable under *respondeat superior* for the acts of the sheriff because the sheriff is an independently elected county officer rather than an employee of the county. The court reasoned that "[t]he county is given no authority to control the office of the sheriff," *id.*, and without such control there can be no *respondeat superior* liability, *id.* at 928. *Moy* has been applied repeatedly and discussed approvingly in subsequent Seventh Circuit authority. *See Franklin v. Zaruba*, 150 F.3d 682, 685-86 & n.4 (7th Cir. 1998) (finding that county cannot be liable under Section 1983/*Monell* claim for policies of sheriff, and also explaining that the county has no *respondeat superior* liability under *Moy*); *see also Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1131-32 (N.D. Ill. 2003) (Bucklo, J.) (discussing, *inter alia*, *Moy* and dismissing *respondeat superior* claim against county); *Fairley v. Andrews*, 300 F. Supp. 2d 660, 670 (citing, *inter alia*, *Moy* and dismissing *respondeat superior* claim against county based on actions of sheriff's deputy officers). And in *Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 136-37 (Ill. 2003), the Illinois Supreme Court cited and relied upon *Moy* (as well as subsequent Seventh Circuit

6

authority, discussed further below, which held that a county is not subject to *Monell* liability under Section 1983 for the alleged policies of its Sheriff's Department) in discussing the independent powers and authority of a county sheriff vis-a-vis the county in which he or she sits. *Id.* at 512 ("Accordingly, sheriffs answer to the electorate of the county from which they are elected, and not to the county board.") (collecting cases).

Plaintiff attempts to evade the force of this precedent by citing *Hernandez v. County of DuPage*, No. 96 C 8030, 1997 WL 598132 (N.D. Ill. Sept. 19, 1997), to try to distinguish this case from *Moy*.[2] In *Hernandez*, Judge Coar held that an Illinois sheriff is the final decisionmaker for the county for the purposes of stating a § 1983 *Monell* claim against a county, and that counties are therefore liable for the actions of that sheriff. *Id.* at *8. (As explained further below, subsequent courts have declined to follow *Hernandez* on this distinct but related point to the *respondeat superior* issue at hand, based in part on more recent teaching from the Seventh Circuit). Whatever mileage Plaintiff might gain from *Hernandez* on other fronts, *Hernandez* followed *Moy* and other Illinois cases in holding that a sheriff is not in an employment relationship with the county, and therefore dismissed a *respondeat superior* claim against the county for the actions of the sheriff and sheriff's officers. *Id.*, at *9 (holding that "the county cannot be held vicariously liable under the doctrine of *respondeat superior* for the Sheriff's conduct related to the investigation of the Nicarico crimes.").

Plaintiff has presented no authority to displace the Illinois authority of *Moy*: under the

---

[2] Plaintiff also argues that the *Carver* cases, *infra*, dictate that the county is vicariously liable for the actions of a sheriff's deputy. As explained below, these cases relate to the County's liability under Count IV (demand for payment under 745 ILCS 10/9-102), and the Court addresses them below.

7

traditional theory of *respondeat superior* at least, the County is not liable for Masterson's actions because it has no authority to control him. The Court grants the County's motion to dismiss it from Count V.

      B.      The Court Need Not Reach the Issue of Whether the Sheriff's Office Is Liable for Intentional or Wilful Acts of an Officer Because the Complaint Can Be Read to Allege Negligent Misconduct.

The Sheriff argues that Count V should be dismissed against the Sheriff because under Illinois law a sheriff is not liable for the intentional or wilful and wanton actions of a deputy. Plaintiff alleges Masterson made representations that resulted in the arrest of Plaintiff. (Compl. ¶ 7.) He alleges that the charges in the police report were "false, fraudulent, . . .made under false pretenses . . . and designed to cause criminal litigation to be lodged against the Plaintiff without probable cause." (*Id.* ¶ 10.) Additionally, Plaintiff alleges that Masterson "withheld information from the Cook County State's Attorney." (*Id.*) Defendants argue that the only reasonable interpretation of these allegations is that Plaintiff acted intentionally, and that under Illinois law, a sheriff is not liable for the intentional or wilful and wanton acts of his deputy. Plaintiff responds that the allegations can state a claim for negligence rather than intentional conduct, and that any ambiguity in the law on a sheriff's liability for intentional acts should be resolved in favor of liability.

Section 5/3-6016 of the Counties Code provides, "The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for her own personal neglect or omission." 55 ILCS 5/3-6016. Courts in Illinois disagree whether this provision bars a sheriff's liability for the intentional acts of his employees. *Compare Brown v. King*, 767 N.E.2d 357, 360 (Ill. App. 2001) (sheriff may be

liable for intentional acts of deputy under theory of *respondeat superior* notwithstanding § 3-6016); *Cooper v. Office of the Sheriff of Will County*, 333 F.Supp.2d 728, 734 (N.D. Ill. 2004) (Gettleman, J.) (following *Brown* on the theory, in part, that it is the most recent statement by the Illinois courts on the subject), *with McCottrey v. Griffin*, No. 01 C 7490, 2002 WL 483414, at *1-2 (N.D. Ill. Mar. 29, 2002) (Darrah, J.) (following *pre-Brown cases* that have interpreted § 3-6016 as a bar on liability for intentional or wanton conduct; no indication that *Brown* cited to court); *Harris v. Sheahan*, No. 98 C 1271, 1998 WL 831822, at *2 (N.D. Ill. Nov. 25, 1998) (Kocoras, J.) (interpreting § 3-6016 as a bar on liability for sheriff for intentional or wanton misconduct of deputy); *Chaney v. City of Chicago*, 901 F. Supp. 266, 268 (N.D. Ill. 1995) (Aspen, J.) (same).

The Court finds that it is not necessary to wade into this split in the caselaw because, reading the Complaint broadly, Plaintiff has stated a claim for negligence against Masterson. *Accord Lewis v. Cook County Corrs. Officers*, No. 01 C 6318, 2002 WL 31133175, at *1 (N.D. Ill. July 19, 2002) (Gottschall, J.). Although Plaintiff's allegations that Masterson's statements were "fraudulent" and "designed to cause criminal litigation to be lodged" are certainly allegations of intent on the part of Masterson, the allegations that Masterson "made representations" of Plaintiff's battery in the police report and "withheld information" from the state's attorney could have resulted from Masterson's negligent reporting of the events of the evening of November 16, 2003. A sheriff is clearly liable in Illinois law for the negligent actions of a deputy, *see id.* (citing 55 ILCS 5/3-6016), so Defendants' motion to dismiss Count V on this ground is denied.

III.     Liability Under § 9-102 (Count IV)

In Count IV, Plaintiff demands that, should the court find Masterson liable for the acts alleged in the Complaint, Cook County and the Sheriff must pay Plaintiff any judgment obtained against Masterson. Plaintiff bases his demand on the Illinois Tort Immunity Act, which provides:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of employment is liable in the manner provided in this Article. . . .

745 ILCS 10/9-102. In answering a question certified to it by the Seventh Circuit, the Illinois Supreme Court interpreted § 9-102 to require a county to pay for a judgment entered against the county sheriff in his official capacity. *See Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001) (*"Carver I"*) (certifying question to Illinois Supreme Court); *Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127 (Ill. 2003) (*"Carver II"*) (answering certified question); *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003) (*"Carver III"*). The Illinois Supreme Court held, "Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver II*, 787 N.E.2d at 141.

Defendants ask this Court to distinguish the *Carver* line of cases on the ground that Plaintiff is suing Masterson in his *personal* capacity, whereas the judgment in *Carver* was obtained directly against the sheriff in his official capacity. While the policy implications underlying *Carver II* are not present where the Sheriff is obligated to pay a liability concerning one of the Sheriff's deputies under § 9-102 or principles of *respondeat superior* for the Sheriff, as explained below, the Court ultimately finds Defendants' arguments unavailing and does not

dismiss the § 9-102 claim against the County.

In reaching this conclusion, the Court notes that while Plaintiff cites a few recent cases that seem to hold the County liable under § 9-102 under these circumstances, none of the cited cases explore the issue at length. There are reasonable arguments on both sides of the debate, and many of the considerations that seemed to be driving the *Carver* decision in the Illinois Supreme Court are not present in a case where a judgment is obtained against a sheriff's officer-tortfeasor and the sheriff's office is required to act as a financial backstop. Moreover, finding that § 9-102 allows for a county to be held financially accountable to pay liabilities incurred by the Sheriff's Office under § 9-102 or principles of *respondeat superior* goes quite a way towards rendering *Moy* meaningless in practical terms. This liability question (under Illinois law, of course) perhaps is one of the "recurring" issues in this general area of jurisprudence for which Illinois law arguably "does not provide a clean solution." *Carver I*, 243 F.3d at 381; *see also Carver II*, 787 N.E.2d at 131-32 (discussing certified question of state law referred by Seventh Circuit).

In the *Carver* cases, two employees of the Sheriff of LaSalle County filed suit against the sheriff under § 1983 and Title VII, alleging that the sheriff perpetrated sexual discrimination and other wrongs. *Carver I*, 243 F.3d at 381. The plaintiffs named LaSalle County as an additional defendant because the sheriff's budget depends on the county board. *Id.* The county sought and obtained dismissal from the lawsuit on the grounds that it could not control, and therefore should not be liable for, the sheriff's actions. *Id.* The sheriff settled the case, and the plaintiffs tried to collect. Since the sheriff's office had neither available funds nor the power to tax to raise funds to pay the judgment, the plaintiffs initiated supplemental proceedings under Federal Rule of Civil

Procedure 69 against the county. *Id.* Noting the disjunct in Illinois law between independently elected county officers and the counties they serve, the Seventh Circuit certified the following the question to the Illinois Supreme Court: "[W]hether, and if so when, Illinois law requires counties to pay judgments entered against a sheriff's office in an official capacity." *Id.* at 386.

In *Carver II*, the Illinois Supreme Court analyzed the Tort Immunity Act, 745 ICLS 10/1-101 *et seq.*, and the Counties Code, 55 ILCS 5/1-1001 *et seq.*, to find that a county is liable for judgments entered against a sheriff in his official capacity. *See Carver II*, 787 N.E.2d at 133. The county had argued that § 5-1002 of the Counties Code, which provides that a county must indemnify a sheriff or deputy for "any judgment recovered against him or her as a result of [an injury to the person or property of another caused by a sheriff or his deputy engaged in the performance of his or her duties], except where the injury results from the wilful misconduct of the sheriff or deputy," 55 ILCS 5/5-1002, precluded a county's liability for a judgment based on sexual harassment, a necessarily wilful action. The court held that under the plain language of the statute, this provision applies to suits against a sheriff or his deputy in a personal capacity, but where a judgment is entered against a sheriff in his official capacity (and therefore regarded as an obligation of the sheriff's office), § 5-1002 does not apply. *Carver II*, 787 N.E.2d at 134.

From the Counties Code, the Illinois Supreme Court next looked to the Tort Immunity Act for an answer. The court rejected the county's argument that under § 9-102, which empowers and directs a "local public entity" to pay a judgment or settlement entered against a sheriff (or sheriff's employee) for liability for actions taken "while acting in the scope of employment," 745 ILCS 10/9-102, only the county board has the authority to settle a claim and to appropriate funds for paying a judgment. *Carver II*, 787 N.E.2d at 135. Rather, the court held

12

that a county sheriff is a "local public entity" for purposes of the statute, and therefore had the authority both to enter into a settlement for a suit against it and to pay any judgment or settlement for which the office is liable. *Id.* at 136-38. The sheriff was thus liable for paying the judgment.

Turning then to the crux of the dispute, who must *actually pay* the judgment (because a sheriff has no authority to tax or raise funds), the Illinois Supreme Court held that in order to give effect to the intent of the General Assembly in setting out a statutory scheme that creates a sheriff as an independently elected officer but finances the office through county funds appropriated to it by the county board, *see* 55 ILCS 5/4-6003; 55 ILCS 5/5-1106, the court must find that the sheriff's power to pay a judgment under § 9-102 is concomitant with the county's obligation to finance the payment. *Carver II*, 787 N.E.2d at 138. Any other conclusion, the court reasoned, would leave a meritorious plaintiff with a "completely hollow victory." *Id.* at 139. The court reiterated the Seventh Circuit's concern in *Carver I* that "such a victory would resemble a 'huckster's shell game, so that no matter which entity the plaintiff sues, the state (or its subdivisions) always may reply that someone else is responsible—and that power has been divided in such a fashion that the responsible person can't pay, and the entity that can pay isn't responsible for doing so.'" *Id.* (quoting *Carver I*, 243 F.3d at 386). Therefore, the court concluded that any judgment entered against a sheriff in his official capacity must be paid by the county.

After receiving the answer to the certified question, the Seventh Circuit held that the Illinois Supreme Court's resolution of the question of state law implied an additional point of federal law: "that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official

13

capacity." *Carver III*, 324 F.3d at 948 (citing Fed.R.Civ.P. 17, 19). "Because state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Id.*

The question in this case, then, is whether the *Carver* cases mandate that the County must pay for a tort judgment entered against Masterson for which the Sheriff is directed to pay by § 9-102 or is found vicariously liable under the doctrine *respondeat superior*. If so, the County is a necessary party to the litigation and should not be dismissed from the suit.

Defendants seek to distinguish the case at bar from the *Carver* cases because, rather than suing the Sheriff in his official capacity directly, Plaintiff sues Masterson in his personal capacity, seeking compensation by the Sheriff and the County under principles of indirect liability. In reviewing the considerations implicated in the *Carver* cases, this argument has substantial strength. Unlike a suit against the Sheriff directly (such as the § 1983/*Monell* and Title VII claims), a holding that the County is not liable under § 9-102 on a judgment entered against Masterson in his personal capacity (and for which the Sheriff is directed to pay by § 9-102 or any other theory) would not leave Plaintiff with a "completely hollow victory," even if the Sheriff does not have the power to tax. *Carver II*, 787 N.E.2d at 139. The Illinois Supreme Court focused on the fact that without requiring the county to pay the judgment, *no one* would be liable for the judgment. *Id.* Here, if Plaintiff succeeds on a claim against Masterson, he may collect from Masterson himself.[3]

---

[3] Whether a sheriff's deputy is judgment proof may not be a concern, at least in all cases. The deputy may be entitled to indemnity by the county, if the injury occurred while he was "engaged in the performance of his or her duties" and did not result from "the wilful misconduct" of the deputy. 55 ILCS 5/5-1002. In *Carver II*, Justice Kilbride dissented and argued that the Illinois Supreme Court's result effectively ignored the limits on liability imposed by § 5-1002 and did not "recognize specific safeguards designed by the legislature to protect counties from unrestricted and unlimited liability for judgments rendered against county sheriffs." 787 N.E.2d

14

In addition, applying the *Carver* cases as Plaintiff wishes will, as a practical matter, substantially undo the effect of the Illinois Supreme Court's holding in *Moy, supra*. Accepting Plaintiff's argument simply adds a step between the plaintiff and the county before reaching the result that the county must pay for a judgment based on the actions of a sheriff's deputy, a result that is contrary to (or at least in substantial tension with) *Moy*'s holding that a county is not vicariously responsible for the actions of a sheriff's deputy. This result may be perfectly appropriate if the priority in Illinois law is to make sure that plaintiffs in this area of law have access to defendants who have pockets deep enough to pay any and every judgment—not just that plaintiffs be protected from a dynamic in which there are no pockets to dip into at all. But the Illinois Supreme Court's holding in *Moy*, which presumably was made with the knowledge that the county's coffers are open to civil rights plaintiffs in ways that the sheriff's are not, seems to indicate that a concern for payment does not override adherence to traditional elements of the doctrine of *respondeat superior*. One certainly could argue that, were *Carver II* intended to make such a shift in liability, the Illinois Supreme Court would have done so explicitly rather than *sub silentio*. Indeed, the court in *Carver II* not only did not state that it was overruling *Moy*; the court relied on *Moy* and other Seventh Circuit cases applying it in the court's analysis. *See Carver II*, 787 N.E.2d at 136-37 (citing *Moy*, 640 N.E.2d at 929; *Franklin v. Zaruba*, 150 F.3d 682, 686 n.4 (7th Cir. 1998); *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); and *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), in discussing county sheriff's particular place in Illinois law).

---

at 142 (Kilbride, J., dissenting). The majority rejected (or at least was not persuaded) by these arguments.

Ultimately, however, Plaintiff's argument that *Carver* should apply to this case prevails. Plaintiff urges the Court to apply *Carver* because a suit or theory imposing liability on the Sheriff for Masterson's actions (whether under § 9-102 or through *respondeat superior* as to the Sheriff) cannot be anything *other* than a suit or liability against the Sheriff in his official capacity. Defendants have offered no authority to the contrary, and Illinois courts have long held that "[a]ccording to long standing rules, a public official having the direction of a subordinate public employee is not thereby responsible for the latter's conduct. It is the underlying public body which is the principal or master." *Kelly v. Ogilvie*, 212 N.E.2d 279, 281 (Ill. App. 1965), *aff'd* 220 N.E.2d 174 (Ill. 1966); *see also* 745 ILCS 10/9-102 ("A local public entity [*i.e.*, the Sheriff's Office] is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which . . . an employee while acting within the scope of his employment is liable in the manner provided by this Article."). Once one concludes that Count V seeks recovery against the Sheriff in his official capacity, the Court cannot, with principle, distinguish *Carver*. The Illinois Supreme Court explicitly held that § 9-102 operates to require the county to pay for judgments entered against a sheriff in his official capacity. Indeed, other courts in this district have already held that *Carver* applies to *respondeat superior* suits against a sheriff. *See Weber v. Keller*, No. 03 C 8292, 2004 WL 1368792, at *2 (N.D. Ill. June 16, 2004) (Lefkow, J.) ("Since in this case the Sheriff may be liable under a theory of *respondeat superior* and because the County would be required to pay if . . . [plaintiff] succeeds in her law suit, the court will not dismiss the County from this action. The County's interest 'rises and falls' with that of the Sheriff.") (quoting *Toma v. County of Kane*, No. 01 C 7205, 2004 WL 1093497, at *1 n.1 (N.D. Ill. May 3, 2004) (Shadur, J.)); *Cobbs v. Sheahan*, No. 03 C 3841, 2003 WL 22514523, at *1 (N.D. Ill. Nov.

16

3, 2003) (Moran, J.).

Thus, the Court denies the County's Motion to dismiss it from Count IV. Cook County's liability under Count IV "'rises and falls'" with that of the Sheriff, *Weber*, 2004 WL 1368792, at *2 (quoting *Toma*, 2004 WL 1093497, at *1 n.1), and to the extent that Cook County remains in the lawsuit only for the purpose of paying any judgment that may be entered against the Sheriff in his official capacity, the Court grants the County's request that it not be subject to discovery.

IV.     *Monell* Claim Against County (Count VI)

Count VI of the Complaint apparently attempts to state a claim under § 1983 against Cook County. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). Precedent does not support this claim.

The Seventh Circuit and the Supreme Court of Illinois have continuously held that a county sheriff is an independently elected county officer who is legally separate from a county itself. *See Moy v. County of Cook*, 640 N.E.2d at 929; *accord Franklin v. Zaruba*, 150 F.3d 682, 685 (7th Cir. 1998); *Ryan v. County of DuPage*, 45 F.3d 1090, 1091 (7th Cir. 1995); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). In *Thompson v. Duke*, the Seventh Circuit held that the plaintiff could not maintain a § 1983 *Monell* action against Cook County for purported practices, policies, or actions of the Sheriff, over which the county had no control. *Thompson*, 882 F.2d at 1187. The court reasoned, "Cook County itself has no authority to train the employees involved or to set the policies under which they operate." *Id.*; *accord, e.g., Moy*, 640 N.E.2d at 929 ("The county is given no authority to control the office of the sheriff."); *Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1130 (N.D. Ill. 2003) (Bucklo, J.) ("The Seventh Circuit has explicitly ruled that Illinois counties are not liable for their sheriffs' actions under

*Monell*, stating that 'Illinois sheriffs are independently elected officials not subject to the control of the county.'") (quoting *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995)). Similarly, in this case, the Court can find no authority in Illinois law, nor has the Plaintiff provided the Court with such authority,[4] to support the proposition that the Cook County has any control over investigation, discipline, or remedial action taken for instances of off-duty misconduct or violence by a sheriff's deputy. *See generally* 55 ILCS 5/3-6001 *et seq.* (powers and duties of the sheriff). Thus, the Court follows the long line of precedent holding that a county is not liable under § 1983/*Monell* in these circumstances.

The Court notes, however, the parties' arguments regarding the applicability of the *Carver* cases, *supra*, to the Count VI. Under these cases, if Plaintiff had alleged a *Monell* claim against the Sheriff (or seasonably elects to do so in the future), the County would be liable for any judgment entered against the Sheriff in his official capacity, and the County properly would

---

[4] Plaintiff cites *Hernandez v. County of DuPage*, 1997 WL 598132, at *8 (N.D. Ill. Sept. 19, 1997) (Coar, J.), for the proposition that sheriffs are county officers under *McMillian v. Monroe County*, 520 U.S. 781 (1997), and that counties are therefore liable for the actions and omissions of the sheriff. At the time of *Hernandez*, Judge Coar did not have the benefit of the Seventh Circuit's subsequent teaching in *Franklin v. Zaruba*, 150 F.3d 682 (7th Cir. 1998), which approvingly discussed cases such as *Ryan v. County of DuPage* 45 F.3d 1092, 1092 (7th Cir. 1995), and *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), and also examined *McMillian*, *supra*. After reviewing Illinois statutory law and the relevant precedent, *Zaruba* endorsed prior Seventh Circuit teaching (which *Hernandez* interpreted to be inconsistent with *McMillian*) and found that, under Illinois law, a sheriff is "a policymaker for the county sheriff's office, not the county itself," and that Illinois sheriffs are "independently elected officers not subject to the control of the county." *Id.*, 150 F.3d at 687 (internal quotations and citation omitted). Accordingly, this Court joins with its colleagues who have, in the wake of *Zaruba*, respectfully declined to follow *Hernandez* and instead have applied *Zaruba* and its Seventh Circuit predecessors. *See Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1131 (N.D. Ill. 2003) (Bucklo, J.) (expressly rejecting *Hernandez*); *see also Fairley v. Andrews*, 300 F. Supp. 2d 660, 669-70 (N.D. Ill. 2004) (Castillo, J.) (noting that *Hernandez* reached different outcome but applying precedent such as *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989)).

be named as a necessary party. *See Carver II*, 787 N.E.2d at 141; *Carver III*, 324 F.3d at 948; *accord Toma v. County of Kane*, No. 01 C 7205, 2004 WL 1093497, at *1 n.1 (N.D. Ill. May 3, 2004) (Shadur, J.). Because, however, the allegations in Count VI do not support a claim against Cook County under § 1983, Defendants' motion to dismiss Count VI is granted.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to dismiss Count II (malicious prosecution) and Count VI (*Monell* claim against the County) without prejudice. Defendants' motion to dismiss the Sheriff from Counts IV (745 ILCS 10/9-102) and V (*respondeat superior*) is denied, but the motion to dismiss the County from Count V is granted. To the extent that Cook County remains in the lawsuit only for the purpose of paying any judgment that may be entered against the Sheriff in his official capacity, the Court grants the County's request that it not be subject to discovery.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: November 22, 2004